UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALLISON MADISON, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Case No. 10-cv-137-JPG |
| | ) |
| JASON WATTS, TONY GILL, and | ) |
| MATTHIS BURLEY, | ) |
| | ) |
|     Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendants' Notice of Removal (Doc. 3).

Federal courts are courts of limited jurisdiction. They may exercise jurisdiction only over matters authorized by the Constitution and by statute. *Turner/Ozanne v. Hyman/Power*, 111 F.3d 1312, 1316 (7th Cir.1997). Moreover, federal courts must police the boundaries of their own jurisdiction. Even absent an objection by a party challenging jurisdiction, they are "obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction." *Tylka v. Gerber Prods. Co.*, 211 F.3d 445, 448-49 (7th Cir. 2000) (quoting *Mt. Healthy City Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). As such, this Court conducts a rigorous initial review of complaints to ensure that jurisdiction has been properly pled.

Here, Defendants have invoked but not properly pled diversity of citizenship as a basis for federal jurisdiction. Federal courts have jurisdiction over a civil action between citizens of different states. *See* 28 U.S.C. § 1332 (2006). The Seventh Circuit Court of Appeals has repeatedly stated that "allegations of *residence* are insufficient to establish diversity jurisdiction." *Held v. Held*, 137 F.3d 998, 1000 (7th Cir. 1998) (emphasis added). Consequently, a notice of removal asserting diversity jurisdiction must allege citizenship, not residence. *See, e.g.,*

*McMahon v. Bunn-O-Matic Corp.*, 150 F.3d 651, 653 (7th Cir. 1998); *Pollution Control Indus. of Am., Inc. v. Van Gundy*, 21 F.3d 152, 155 (7th Cir. 1994).  "It is well-settled that '[w]hen the parties allege residence but not citizenship, the court must dismiss the suit.'" *Held*, 137 F.3d at 1000 (quoting *Guaranty Nat'l Title Co. v. J.E.G. Assoc.*, 101 F.3d 57, 58 (7th Cir. 1996)).  The instant notice of removal alleges only the parties' states of residence; therefore, it is insufficient to establish diversity jurisdiction.

Moreover, in removal cases based on diversity jurisdiction, the amount in controversy is determined based on the plaintiff's complaint at the time the notice of removal is filed.  *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006);  *Gould v. Artisoft, Inc.*, 1 F.3d 544, 547 (7th Cir. 1993).  Here, Plaintiff's Complaint (Doc. 3, Exh. 1) contained three counts, each of which contained a prayer for relief in excess of $50,000 plus costs.  However, as the Court reads the complaint, Plaintiff only seeks a *total* of $50,000 plus costs from this case due to an alleged principal-agent relationship among Defendants.  Accordingly, Defendants notice of removal currently fails to adequately demonstrate that the amount in controversy for § 1332 purposes is met.

Accordingly, the Court **ORDERS** that Defendants shall have up to and including March 19, 2010, to correct these and *any other* jurisdictional defects.  *See Tylka*, 211 F.3d at 448 ("[I]t is not the court's obligation to lead counsel through a jurisdictional paint-by-numbers scheme.").  Should they fail to do so, the Court will dismiss this matter for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**
**Dated: March 1, 2010**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**